Thomas C. Chimera, J.
In this article 78 proceeding petitioner, a member of the respondent New York City Employees Retirement 'System, seeks an order directing respondent to recompute his pension and declaring improper a resolution adopted by the New York City Board of Estiniate fixing the amount thereof. The petition is denied and dismissed.
For more than 25 years terminating on July 12, 1963 petitioner was a civil service employee of New York State. About a year later, in July, 1964, petitioner became an employee of the Surrogate’s Court of the First Department. He retired from the city service on May 7,1966. On June 22, 1966 he re-entered the city’s service and served until October 22, 1966. At issue in this proceeding is the proper interest rate applicable to the annuity portion of his retirement allowance after his second entry into the city’s service on June 22, 1966, and also the computation of his final average annual compensation used in determining the pension part of his retirement allowance.
*702 Section B3-47.0 of the Administrative Code of the City of New York is relied upon by petitioner in support of his claim that the computation of respondent is contrary to law and improper. Under this section, which governs benefits available upon re-entry into membership of the city retirement system, it is provided that after one retirement, re-entry and a second retirement, a member of the system, upon such subsequent retirement, ‘ ‘ shall receive the pension, the additional or further pension and the pension-providing-for-increased-take-home-pay, if any, which he was receiving or entitled to receive immediately prior to his last restoration.” It is not disputed that the benefits payable to petitioner on his last retirement, considered as a dollar amount payable per annum and considering also petitioner’s selection of an option with respect to the manner of payment and division of proceeds between himself and his beneficiary, were less than the amount payable prior to his second re-entry into the city’s service. Computations are not made solely on the basis of dollar amounts payable per year during life. Actuarial tables must be considered among other factors. Determination of the real benefits payable must be considered as an amount affected by petitioner’s life expectancy as of the date of his retirement.
Thus, in the instant ease, not considering his second re-entry into service, if petitioner had not selected an option authorizing division of his benefits between himself and his beneficiary after his death, he would have received a maximum retirement allowance of $2,244.92 per year. With the selection of such option his benefit was reduced to $2,150.64 per year. Moreover, his re-entry into service and his second retirement affected his reserve in the pension system, and, as a result, reduced his retirement allowance to $1,777 per year, with additional stated benefits payable to his beneficiary.
Under subdivision 12 of section B3-1.0 of the Administrative Code, petitioner became entitled to interest on his annuity savings fund at the rate of 3% per year from the date of his re-entry into the city service in June, 1966. Petitioner seems to be under the impression that this 3% interest base was made applicable to all amounts contributed by him during his State and prior city service. The respondent’s computations submitted on this motion indicate that this was not the case.
Petitioner’s claim that there was an improper amount transferred from the State retirement system to the city system is based upon a letter advising him of the amount in his State retirement fund. The letter relied upon reflects the amount he would have been entitled to had he remained in the employ of *703 the State through May 7, 1966. But he left that employ, as above noted, on July 12,1963. Accordingly, that projection did not become effective.
It is unfortunate but nevertheless true that often one’s final allowance may be diminished by a return to employment and that one continuing his employment beyond a certain point may thereby diminish his final allowance. If such results cry for correction, the proper forum is the Legislature.